18757

Mr. Roberta BROWN, Respondent, v. Jake MIMS and Alma Cone Mims, Appellants

(159 S. E. (2d) 247)

*Messrs. Rogers W. Kirven* and *Robert G. Knight,* of Florence, *for Appellants,*

*Messrs. Hyman, Morgan & Brown,* of Florence, *for Respondent,*

February 7, 1968.

Lewis, Justice.

This action for declaratory judgment involves the validity of a written lease of real estate, with option to purchase, entered into on or about September 24, 1956 between plaintiff-respondent, as owner and lessor, and defendant-appellant Jake Mims, as lessee. Upon concurrent findings of fact by the special referee and the circuit judge, the executory terms of the written instrument were declared void and of no effect because of material and prejudicial alterations made therein by the lessee. The appeal is from the judgment so entered and also from an order denying appellants' subsequent motion for a new trial upon the ground of after discovered evidence.

Our review of this matter is made unduly difficult by the failure of appellants' brief to comply with Rule 8, Section 2,

of the Rules of this Court, which requires that the brief of appellant "shall be preceded by a statement of the questions involved * * * in the briefest and most general terms," and shall "never exceed one page" unless absolutely required.

A substantial compliance with the foregoing rule is required for the proper and expeditious consideration of appeals. Seldom are the questions to be decided nearly so numerous as the exceptions filed. Therefore, by requiring an appellant to preface the brief with a statement of the questions involved, irrelevant matters are excluded from consideration, the issues are limited, and the court and opposing counsel are readily advised in concise form of the questions presented for decision.

The errors alleged on appeal are set forth by appellants in twenty-eight exceptions. It is manifest that there are not so many questions involved, but no pretense is made in the brief to comply with the foregoing rule by formulating a statement of the issues to be decided. Instead, the brief contains simply a six-page reprint of the twenty-eight (28) exceptions which are designated as the "Questions Involved." Such failure to comply with the rule is proper ground for dismissal of the appeal.

However, we have examined the record and find no merit in any of the exceptions. The judgment setting aside the contract in question is based upon concurrent factual findings of the special referee and the circuit judge, and the order denying the motion for a new trial on the ground of after discovered evidence involves largely a discretionary ruling. No abuse of discretion has been shown in denying the motion for a new trial and the record supports the factual findings upon which the judgment is based.

The record amply supports the concurrent factual findings of the special referee and the circuit judge to the effect that the original written agreement contained only two pages and was entered into between plaintiff and the defendant Jake Mims, the latter retaining in his custody all copies

thereof; that, under the agreement, certain property of plaintiff was leased to Mims for a period of ten years with an option to renew the lease for an additional ten year period and also an option was given to purchase a portion of the property for a consideration of $56,000.00; that subsequent to the execution of the document by plaintiff, and without her knowledge until well within six years prior to the institution of this action, Mims drafted and added another page to the document, which materially altered the terms of the original agreement by adding the defendant Alma Cone Mims as a party to the contract and by adding additional property, terms and conditions to the option to purchase; and that plaintiff was not precluded by either the statute of limitations or laches from maintaining this action.

Under the present facts, the material alteration of the written lease and option by Mims, a party thereto, operated to destroy any rights which he had under the executory provisions of the contract. 4 Am. Jur. (2d), Alteration of Instruments, Section 9; 3 C. J. S., Alteration of Instruments, §§ 16 and 30(h). This was the extent of the judgment of the lower court.

Affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.