18866

Roberta M. BROWN, Respondent, v. Jake MIMS, Appellant
(165 S. E. (2d) 706)

164

*Robert G. Knight, Esq.,* of Florence, *for Appellant,*

*Messrs. A. Milling Blalock* and *Hyman, Morgan & Brown,* of Florence, *for Respondent,*

January 31, 1969.

LITTLEJOHN, Justice.

The respondent leased a parcel of real estate in the City of Florence to the appellant on September 24, 1956. The lease was for ten years with an option to renew for an additional ten year period and also an option to purchase a portion of the property. Subsequent to the execution of the contract the appellant, without the knowledge of the respondent, added an additional page to the document which materially altered the terms of the agreement by adding another party to the contract, by adding additional property, and by changing the terms and conditions of the option to purchase.

In 1963 the lessor brought a declaratory judgment action against the lessee resulting in an appeal and an opinion of

this court filed Februray 7, 1968, in which action we held "the material alteration of the written lease and option by Mims, * * * operated to destroy any rights which he had under the executory provisions of the contract." *Brown v. Mims,* 250 S. C. 546, 550, 159 S. E. (2d) 247, 248 (1968).

Thereafter, on February 28, 1968, the lessor gave the lessee thirty days notice in writing to vacate the premises. He refused to vacate. The matter came to be heard in the court of Magistrate William E. McLeod, resulting in a warrant of ejectment. From the order of ejectment the lessee appealed to the circuit court, which sustained the magistrate's determination of the issues, and from the order of the circuit judge the lessee has appealed to this court.

On June 16, 1968, only one day before the magistrate's hearing, the lessee petitioned the circuit court for an accounting within the 1963 action referred to above. Prior to the trial written objections to proceeding with the hearing were filed with the magistrate. The lessee asked that the ejectment action be dismissed or stayed until the circuit court made its ruling.

The matter here on appeal submits one question taken from appellant's brief as follows:

"Did the Court err in failing to dismiss the ejectment action or in failing to stay the proceedings in the Magistrate's Court until such time as the action pending in the Court of Common Pleas had been resolved?"

The lessee, by his misconduct, forfeited his right to exercise the rental option and the purchase option. The lessee at the time the notice to vacate was given, and at the time of the hearing before the magistrate, was holding over at the will of the lessor. The magistrate properly proceeded to try the case and the circuit judge correctly affirmed the ejectment, both holding that the landlord is entitled to the premises.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.